33 F.3d 51
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph Emanuel CROUCH, Petitioner Appellant,
v.
Edward W. MURRAY, Respondent Appellee.
 No. 94-6013.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 5, 1994.
Decided August 24, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-93-1479-AM).
 Joseph Emanuel Crouch, Appellant Pro Se.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILLIAMS, C.JJ., and SPROUSE, Sr. C.J.
 PER CURIAM:
 
 
 1
 Joseph E. Crouch appeals the district court's orders denying relief on his 28 U.S.C. Sec. 2254 (1988) petition and his motion for reconsideration. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. Although the district court dismissed Crouch's petition and denied his motion for reconsideration because it found he had not properly exhausted his claims in state court as required by 28 U.S.C. Sec. 2254(b) (1988), the record contains evidence that Crouch had properly exhausted his claims. Nonetheless, we find Crouch's claims meritless and dismiss the appeal because Va.Code Ann. Sec. 53.1-151(B1) (Michie Cum.Supp.1994)* was not applied to him retroactively. Therefore, there was no ex post facto violation.
 
 
 2
 Crouch contends that the Department of Corrections improperly applied section 53.1-151(B1) to him ex post facto; he alleges that application of the statute to him enhances his punishment for a 1972 offense. The record discloses that Crouch was convicted of armed robbery in October 1970 and received a sentence of five years probation for that crime. In June 1972, Crouch was sentenced to ten years imprisonment for armed robbery and his probation was revoked. Crouch was eventually released from parole supervision in 1982. He was again convicted of additional robberies in 1984. Since Crouch had completed his entire sentences for his 1970 and 1972 offenses when he was convicted of bank robberies in 1984, application of section 53.1-151(B1) did not enhance his sentence for those crimes. Thus, the statute was not applied retroactively and there is no ex post facto violation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 Under this statute, any person convicted of three separate felony offenses of "robbery by the presenting of firearms or other deadly weapon" is ineligible for parole